UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO MARTÍNEZ-MORALES, IVÁN MONTALVO-NIEVES, <br><br> Plaintiffs, <br><br> v. <br><br> IRIS LÓPEZ-SÁNCHEZ, in her individual and official capacities, and her conjugal partnership, <br><br> Defendants. | Civil No. 09-1845 (JAF) |

**O R D E R**

Plaintiffs sue under 42 U.S.C. § 1983 for violations of their rights under the First Amendment and the Due Process Clause of the U.S. Constitution. (Docket No. 1.) They also allege violations of Puerto Rico law, including Law Number 382, of 1950 ("Law 382"), 29 L.P.R.A. §§ 136–138 (2009), and Law Number 100, of 1959 ("Law 100"), 29 L.P.R.A. § 146 (2009). Defendant Iris López-Sánchez ("Movant") moves for partial dismissal under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 10), and Plaintiffs oppose (Docket No. 16).

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

Movant argues Plaintiffs failed to state a claim (1) for damages against her in her official capacity, as Eleventh Amendment sovereign immunity bars any such claim (Docket No. 10 at 4-7); (2) under the Fifth Amendment, as that amendment does not apply to state actors acting under

Civil No. 09-1845 (JAF)                                                                                                          -2-

color of state law (id. at 7-11); (3) under Law 100, which does not apply to government agencies (id. at 12-13); and (4) under Law 382, which has been abrogated and no longer exists (id. at 13).

We agree that Plaintiffs cannot state a claim for damages against Movant in her official capacity, for the above-stated reason. See Will v. Mich. Dep't of State Police, 491 U.S. 52, 71 (1989). They have, however, stated claims for declaratory and injunctive relief against Movant in her official capacity, as these claims do not constitute claims against the Commonwealth. See Ex Parte Young, 209 U.S. 123 (1908). We also find that Plaintiffs stated a claim under the Fifth Amendment insofar as the U.S. Supreme Court has not yet decided whether the due process protection afforded citizens of Puerto Rico arises out of the Fifth or Fourteenth Amendment. See Exam'g Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero, 426 U.S. 572, 601 (1976). Finally, we find that Plaintiffs concede Movant's arguments regarding Laws 100 and 382. (Docket No. 16 at 6.) We accept that concession, but retain jurisdiction over all other Puerto Rico law claims.

Given the foregoing, we hereby **GRANT IN PART** Movant's motion for partial dismissal. We **DISMISS** Plaintiffs' claim for damages against Movant in her official capacity and Plaintiffs' claims under Laws 100 and 382, but we **RETAIN** all other claims.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of May, 2010.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge