UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RICARDO MARTÍNEZ-MORALES and
IVÁN MONTALVO-NIEVES

Plaintiffs,

v.

IRIS LÓPEZ-SÁNCHEZ, et al.,

Defendants.

Civil No. 09-1845 (JAF)

**OPINION AND ORDER**

Plaintiffs, Ricardo Martínez-Morales and Iván Montalvo-Nieves, file an "Opposition to Motion for Summary Judgment" challenging our previous grant of summary judgment (Docket No. 57) to Defendant Iris López-Sánchez.[1] (Docket No. 58.) López-Sánchez responds. (Docket No. 59.)

We treat this "Opposition to Motion for Summary Judgment" as a motion under Federal Rule of Civil Procedure 59(e) to Alter or Amend a Judgment. We grant motions under Rule 59(e) where necessary to (1) correct manifest errors of law or fact; (2) consider newly-discovered evidence; (3) incorporate an intervening change in the law; or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)

---

[1] An unknown party, John Doe, and López-Sánchez's conjugal partnership with him, were also named as Defendants. John Doe was not served within 120 days of the filing of the complaint and so all claims against him are dismissed. See Fed. R. Civ. P. 4(m). The conjugal partnership was served within the proper time frame, but as all claims against López-Sánchez were dismissed, there was no basis of liability for her conjugal partnership. Thus, our dismissal was of all claims against all Defendants.

Civil No. 09-1845 (JAF) -2-

(citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). The First Circuit has emphasized that Rule 59(e) neither "provide[s] a vehicle for a party to undo its own procedural failures" nor "allow[s] a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

Plaintiffs first argue that we erred in dismissing their 42 U.S.C. § 1983 claim for political discrimination. In our Opinion and Order of December 22, 2009, we found that Plaintiffs had not created a genuine issue of material fact as to one of the elements of political discrimination claims: López-Sánchez's knowledge of Plaintiffs' political affiliation. (See Docket No. 56 at 6–8.) Plaintiffs contend that the evidence presented to us would have allowed a jury to reasonably infer that López-Sánchez knew of their political affiliation. (See Docket No. 58 at 3–5.) Plaintiffs point—without citations to the record—to the temporal proximity of their termination to López-Sánchez's appointment to office, López-Sánchez's testimony that she was aware of other employees' political affiliation, and the fact that "[López-Sánchez] did not apply the same rule to all employees." (Id. at 4.) Plaintiffs previously presented these arguments to us in opposing López-Sánchez's summary-judgment motion. We continue to see these as the type of "improbable inferences" that will not defeat summary judgment. See Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009). In addition, Plaintiffs present two other factors they claim lead to an inference of López-Sánchez's knowledge of their political affiliation, but for which we find no support on the record: (1) "defendant encouraged and created a highly politicized environment within the agency"; and (2) "the plaintiffs were close to the previous

Civil No. 09-1845 (JAF)                                                                                         -3-

administrator against whom the defendant had filed and won a lawsuit for political discrimination." (Docket No. 58 at 4.) In sum, we are not convinced that our disposition of Plaintiffs' political discrimination claim was a manifest error of law.

Plaintiffs also argue that our dismissal of their due-process claim for failure to grant a pre-termination hearing was a manifest error of law. In essence, Plaintiffs rehash their previous arguments that López-Sánchez's justification of their termination as a cost-cutting measure was merely pretext for political discrimination. We find these arguments as unavailing now as we did previously.

For the foregoing reasons, and treating the motion under Fed. R. Civ. P. 59(e), we hereby **DENY** Plaintiffs' "Opposition to Motion for Summary Judgment" (Docket No. 57).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 5th day of May, 2011.

                                                      s/José Antonio Fusté
                                                      JOSE ANTONIO FUSTE
                                                      Chief U.S. District Judge